64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest F. CLARK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2341.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 11, 1995.
 
 Before Flaum, Ripple and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Ernest Clark filed a second motion pursuant to 28 U.S.C. Sec. 2255 seeking relief from his armed robbery conviction. This court has already considered his direct criminal appeal, United States v. Clark, 989 F.2d 1490 (7th Cir. 1992), and his first Sec. 2255 motion, Clark v. United States, No. 93-3530, (7th Cir. 1994) (unpublished). The district court summarily dismissed Clark's second Sec. 2255 motion because the issues he raised were not presented to the court in either his direct appeal or in his first motion.
 
 
 2
 Clark procedurally defaulted his claims, so he needs to show cause for failing to raise them in the earlier proceedings, and actual prejudice resulting from that failure. Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995). As in his first motion, Clark argued that the issues in his second motion were not raised on direct appeal because of the ineffectiveness of his attorney. But Clark should have raised these claims in his first Sec. 2255 motion. His failure to do so may be excused by showing cause and prejudice. Id. Clark did not, however, argue cause and prejudice in the district court (he argues it here). Nonetheless, the district court determined on its own that Clark had no cause for failing to bring his claims in the earlier proceeding. The district court also determined that he did not suffer prejudice because his substantive claims would fail on the merits. The district court noted that Clark's claims are based on a case decided prior to his direct appeal and his first Sec. 2255 motion, United States v. Leichtnam, 948 F.2d 370 (7th Cir. 1991).
 
 
 3
 Rule 9(b) of the Rules Governing Section 2255 Proceedings states:
 
 
 4
 Successive motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 5
 Clark argues that he tried unsuccessfully to get the trial transcripts from his attorney before he brought his first motion, and because the transcripts were the only way he could know to raise the claim, that difficulty is cause for the second default. Clark's timing problem does not constitute sufficient cause for not presenting his second set of claims in the first Sec. 2255 motion. "A motion for such relief may be brought at any time." 28 U.S.C. Sec. 2255. By bringing the motion prior to receiving the transcripts and assembling all his claims, Clark gambled that a later motion may be dismissed summarily. He lost.
 
 
 6
 Not only does Clark fail to show cause, but he also fails to show prejudice. The claims in his second Sec. 2255 motion are based on the argument that the jury instructions constructively amended the indictment. Had Clark raised this argument in a prior proceeding, he would have had to show plain error occurred as a result of the instruction because his attorney did not object to the instruction at trial. See United States v. Boyles, 57 F.3d 535 (7th Cir. 1995). At this juncture, therefore, Clark must show that he would have overcome the plain error standard on the jury instruction issue. Plain error occurs when the fairness of the judicial proceeding was seriously affected. Id. (quoting United States v. Olano, 113 S. Ct. 1770 (1993)).
 
 
 7
 The indictment charged that Clark used a .32 caliber handgun in an armed robbery, but the jury instructions did not specify the type of gun used in the armed robbery. Clark argues that the jury convicted him of a crime not charged in the indictment or, alternatively, convicted him of the indicted crime but without the prosecution proving an essential element of that crime. We find no plain error resulting from this foible. The .32 caliber handgun was the only weapon introduced as evidence at trial and was the weapon prosecution witnesses identified as used in the crime.
 
 
 8
 Clark has failed to show cause for omitting these claims from his first Sec. 2255 motion. Clark's second, successive, Sec. 2255 motion was properly dismissed. The district court judgment is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record